**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10358 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00072-RCJ |
| v. | |
| THOMAS RONALD HOOVER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Thomas Ronald Hoover appeals from the district court's judgment and challenges the 42-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Hoover contends that the district court improperly included a criminal history point for a 2009 misdemeanor Nevada state conviction for possession of paraphernalia, the fact of which Hoover argues the government failed to prove. We review a district court's factual findings for clear error, *see United States v. Felix*, 561 F.3d 1036, 1040 (9th Cir. 2009), and find none. The district court did not clearly err in finding that Hoover had been convicted for possession of paraphernalia based on the presentence report and the probation officer's account of what was reflected in the Nevada state court docket sheet. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998).

Hoover next contends that the district court procedurally erred by failing to address his mitigating arguments. The record reflects that the district court adequately considered Hoover's mitigating arguments, which Hoover asserted in his sentencing memorandum and again at the sentencing hearing, and adequately explained the sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Finally, Hoover contends that his 42-month above-Guidelines sentence is substantively unreasonable in light of the mitigating circumstances surrounding his possession of the firearm and his physical and mental health. The district court did not abuse its discretion in imposing Hoover's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18

U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Hoover's lengthy criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**